### QUEEN CITY INS. CO. v. LONG.

(Court of Civil Appeals of Texas. Nov. 5, 1910. Rehearing Denied Dec. 3, 1910.)

INSURANCE (§ 668*) — ACTION ON POLICY — QUESTION FOR JURY.

In an action on a policy providing in its iron-safe clause that the "last preceding inventory" of the stock should be preserved so that the amount of loss in case of fire might be determined, it was, under the evidence, a question for the jury whether the inventory of stock that was made just prior to the assured's alleged acceptance of the policy, or whether the inventory taken prior to the date on which the policy was received by assured was the "last preceding inventory," the former inventory being the preceding one if the policy was not accepted until when alleged, otherwise the latter was the last preceding inventory.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1760; Dec. Dig. § 668.*]

Error from District Court, Collin County; J. M. Pearson, Judge.

Action on a policy by R. A. Long against the Queen City Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Locke & Locke, for plaintiff in error. Abernathy & Abernathy, for defendant in error.

RAINEY, C. J. Defendant in error instituted this suit against plaintiff in error to recover on an insurance policy covering a stock of merchandise, a building, furniture, and fixtures for a total of $1,200. Plaintiff in error pleaded a violation of the "iron-safe clause" by defendant in error. The court peremptorily instructed a verdict for plaintiff for the full amount of the policy. A verdict was returned accordingly and judgment rendered thereon. Plaintiff in error prosecutes this error.

The iron-safe clause of the policy contemplated the preservation of the "last preceding inventory" to aid, in the event of loss by fire, in determining the amount of such loss. This clause has application only to the insurance on merchandise. The evidence in this case raises the issue whether or not the assured produced on the trial the "last preceding inventory" as contemplated by the policy. The policy in suit is dated June 26, 1908, and mailed to the assured, who received it on the 27th day of June, and there is evidence that on July 1, 1908, the assured commenced taking an inventory of his stock of merchandise, which he concluded about July 6, 1908. The assured testifies that, when he received the policy, he did not then accept it, thinking an inventory was required and proceeded to make one, and, when it was completed, he carried the inventory and

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

policy to the agent of the company and presented them to him, and, upon the agent saying the inventory was all right and to keep it, he paid the premium and accepted the policy. Prior to this, in April, 1908, the assured had taken an inventory of his stock of merchandise which he did not produce on the trial. The plaintiff in error contends that the inventory taken in April, 1908, was the "last preceding inventory," while the defendant in error contends that the policy was not accepted until the inventory taken in July had been completed, and therefore it was the "last preceding inventory." The settlement of this issue, under the evidence, was a question for the jury, and the court erred in directing a verdict for plaintiff, but should have submitted the issue to the jury. If the assured did not accept the policy until after the July inventory was taken, then it was the "last preceding inventory," and he would be entitled to recover, as the policy was not in force until it was in fact accepted.

For the error in instructing a verdict for the plaintiff, the judgment is reversed, and the cause remanded.